THE STATE v. T. G. CAPERTON, Appellant.

Division Two, December 23, 1918.

1. **GRAND JURY: Compelled Perjury.** The law governing inquisitions does not contemplate that an accused person, whose alleged crime is at the time the subject of inquiry, may be compelled to come

before the grand jury, and there, in secret and on oath, without counsel or friends, be required either to confess his guilt or commit perjury. The least that can be said of such a proceeding, by which defendant was induced to perjure himself, is that the State, in thus compelling either a sworn confession of guilt or perjury; is morally an aider and abettor of the perjury.

2. **PERJURY:** Compelled by Grand Jury: Confession Inadmissible. Statements made by an accused person whose alleged crime is at the time the subject of inquiry by the grand jury, unless he was advised at the time that it was his privilege not to testify unless he wished to do so, or unless they are shown by evidence *aliunde* to have been voluntary, are not admissible against him in a subsequent trial for perjury committed in his answers to such inquiry; and if timely objection is made to such statements, members of the grand jury cannot in the perjury trial testify to them.

3. ———: Instruction: What Defendant Said Against Himself Presumptively True. An instruction in a perjury case, which tells the jury that "what defendant said against himself, if anything, the law presumes to be true, because said against himself," is reversible error. It is also in direct conflict with the usual instruction in a trial for perjury, that before a conviction can be had there must be two witnesses, or one witness corroborated by circumstances, to prove the falsity of defendant's oath. It has uniformly been held error in prosecutions for perjury.

Appeal from Howell Circuit Court.—*Hon. E. P. Dorris,* Judge.

REVERSED AND REMANDED.

*W. N. Evans* for appellants.

(1) By Secs. 8284, 8285, 8286, 8287 and 8288, R. S. 1909, a marriage license in Missouri is issued and certified by the Recorder of Deeds and it will be presumed until the contrary is proven that a marriage license in the State of Tennessee would be issued by the same officer, and this court will not be authorized to consider such certificate as evidence in this cause. Flato v. Mulhall, 72 Mo. 522; Davis v. McColl, 179 Mo. App. 203; Liquor Company v. Railroad, 182 Mo. App. 1; Baker v. Railroad, 187 Mo. App. 161; Thompson v. Railroad, 243 Mo. 336. (2) The court erred in giving instruction numbered 5, for the reason that it is a comment on the

defendant's statements as proven by other witnesses and tells the jury that they must consider statements made by the defendant, if any, when it is uniformly held in this State that statements or admissions made by the defendant cannot be considered as corroborative evidence in a perjury case. State v. Thornton, 245 Mo. 436; State v. Rhoten, 259 Mo. 424; State v. Hunter, 181 Mo. 317. (3) The court erred in submitting this case to the jury for the reason, first, that there is no evidence of any witness to the effect that the testimony of the defendant before the grand jury was false. The only evidence that could be considered in that light is the certificate from the Clerk of the County Court of Shelby County, Tennessee, to the effect that defendant was married to Minnie King on the 2nd day of June, 1917, and there being no foundation for the introduction of this certificate, it was not evidence at all of any fact. Besides in a perjury case the evidence of a single witness must be corroborated by one or more witnesses before it is sufficient to authorize the court to submit it to the jury, and this must be proved aside from any statement made by the defendant. State v. Faulkner, 175 Mo. 546; State v. Thornton, 245 Mo. 436; State v. Rhoten, 259 Mo. 424; State v. Hunter, 181 Mo. 317.

*Frank W. McAllister*, Attorney-General, *S. E. Skelley*, Assistant Attorney-General, for respondent.

(1) No error was committed by the court in allowing the introduction of the certificate of the Clerk of the County Court of Shelby County, Tennessee, to marriage license with return thereon to T. G. Caperton and Minnie King. Said certificate, sufficiently authenticated, in accordance with Act of Congress and Statutes of Missouri, was properly admitted. R. S. 1909, sec. 6293; Act of Congress, R. S. 1909, Appendix, p. 3711. (2) Instruction number 5 is substantial in form approved by this court. State v. Howell, 117 Mo. 344; State v. Wisdom, 119 Mo. 552; State v. Cushenberry, 157 Mo. 188. But see: State v. Williams, 30 Mo. 367; State v. Hunter, 181 Mo. 338.

FARIS, J.—Defendant was convicted in the circuit court of Howell County upon an information charging him with perjury, and his punishment fixed by the trial jury at imprisonment in the penitentiary for a term of two years. From this conviction, after the usual motions for a new trial and in arrest of judgment, he has appealed.

The facts are few and simple, and so far as these facts are necessary to make clear the legal questions involved in this appeal they run substantially thus: Prior to the filing of the information upon which defendant was convicted, and on or about the 31st day of May, 1917, the grand jury of Howell County had under inquiry the question whether defendant and one Minnie King were living together in Howell County in open and notorious adultery. During their investigation of this question they caused to come before them this defendant, who, after being duly sworn, was asked by a member of the grand jury whether he and the said Minnie King were married to each other. To this question he answered in substance that he was married to Minnie King, that he had been married to her at Memphis, Tennessee, on the 22nd day of January, 1917. Some three or four witnesses who had been members of the grand jury of Howell County when the defendant was called before them, appeared as witnesses upon the trial of the instant case and testified touching the matter which was under investigation, the question which was propounded to defendant and his answer thereto.

Upon the trial of this case the State offered a certified copy of a paper purporting to be a marriage license issued to T. G. Caperton and Minnie King, together with the return thereon, showing due solemnization of a marriage between these parties by a minister of the Gospel. This copy of this marriage license was duly authenticated under the Federal statute. It was issued by the Clerk of the County Court of Shelby County, Tennessee, being the county in which the city of Memphis, is situated, and was authenticated by

the Clerk, and by the Presiding Judge, of the County Court of said Shelby County, under the seal of that court. It was issued, and the marriage authorized to be performed thereunder was performed, on the 2nd day of June, 1917, *some two or three days subsequent* to the date at which the defendant had appeared before the grand jury of Howell County, and had sworn that he had been married to Minnie King on the 22nd day of January, 1917.

There was also offered on the part of the State an extra-judicial admission on the part of defendant, which he is said to have made at the time of his arrest, which occurred near the state-line between Missouri and Arkansas. Upon his arrest he had asked to be permitted to cross over into Arkansas and get his wife, who was across the state-line in the latter State. The officer having him in charge objected, saying that if he should permit defendant to get into a foreign State he might have trouble in getting him back without a requisition. Thereupon defendant promised the officer that he would return, saying, in this connection: "I am not going to cause you any trouble. If I did swear a lie up there I will not tell you one. I will come right back with you." This was practically all of the testimony offered on the part of the State. Defendant upon his part offered no testimony, except that of one witness who was present at the time of defendant's arrest, and who denied having heard defendant make the extra-judicial statement above set out.

The above facts are sufficient to make clear all of the questions which we find it necessary to discuss. If, however, these propositions shall require the setting out of further facts these facts will be found in our opinion.

This case presents a condition which is seemingly *sui generis.* As a basis for this prosecution defendant was haled before a grand jury of his county and there under oath compelled to answer certain questions, truthful answers to which would (as the State is now here insisting) have required a

Compelled Perjury.

confession of his guilt of another crime then under investigation by this jury. When defendant was thus compelled by these proceedings before the grand jury, either to "confess and be hanged" or to swear a lie, he took refuge (again, as the State now here contends) in the latter alternative. Promptly he was indicted for perjury and this prosecution and conviction followed.

It is plain to be seen that the inquisition whereat the alleged perjury was committed was in a most serious aspect a violation of defendant's constitutional right not to be compelled to testify against himself. [Sec. 23, Art. 2, Cons. Mo.; State v. Young, 119 Mo. 495; State v. Faulkner, 175 Mo. 546; State v. Thornton, 245 Mo. 436.] The least that may be said of the proceedings by which this defendant was induced to perjure himself is that the State in thus compelling either a sworn confession or perjury, was morally an aider and abettor in the perjury charged.

The law which governs inquisitions before grand juries does not contemplate that an accused person, whose alleged crimes are at the time the subject of inquiry, may be compelled to come before such a jury and there in secret and on oath, without counsel or friends, be required either to confess his guilt or to commit perjury. [State v. Thornton, 245 Mo. l. c. 440.] No objection was made that defendant's testimony before the grand jury being involuntary was inadmissible, but so much is said in palliation of defendant's guilt, if in fact he be guilty, and in criticism of the proceeding adopted to compel him to commit the crime herein complained of.

No person whose alleged crimes are under investigation by a grand jury ought to be haled unwillingly before that body and questioned as to such crimes. If an accused whose acts are under inquiry for the purpose of presenting an indictment against him should, pending such inquisition and of his own volition, ask to be allowed to appear as a witness, he ought to be advised that it is his privilege not to testify unless he wants to do so, and that anything he many say may be used

against him. [State v. Faulkner, 175 Mo. l. c. 611.] Therefore an objection that the statement made by the defendant before the grand jury was inadmissible against him in this case, unless and until such statement was shown by evidence *aliunde* to have been voluntary, had it been timely made, ought to have been sustained.

Complaint is made that instruction five ought not to have been given for the State. This instruction reads thus:

"If you believe from the evidence that the defendant prior to this trial, made any statement or statements concerning the alleged offense, then you may consider such statement or statements in evidence, but you should consider them all together, and also the circumstances under which they were made. The defendant is entitled to the benefit of what he said for himself, and the State to the benefit of what he said, if anything, against himself. What the defendant said against himself, if anything, the law presumes to be true, because said against himself. What he said for himself you are not bound to believe, because said in a statement or statements proved by the State; but you may believe it or disbelieve it, as it is shown to be true or false by all the evidence in the case. It is for you to consider under all the circumstances from the evidence, how much of the whole statement or statements of the defendant proved by the State is worthy of belief. But before giving any such statement of defendant any consideration, you must be satisfied that such statement was made concerning the alleged crime, and you should also receive the same with care and caution, and be satisfied that it was correctly given or repeated in evidence, before giving any weight or consideration to same."

*Defendant Presumptively A Perjurer.*

The giving of the above instruction in ordinary cases has been repeatedly upheld by this court. [State v. Howell, 117 Mo. l. c. 344; State v. Wisdom, 119 Mo. l. c. 552; State v. Cushenberry, 157 Mo. l. c. 188; State v. Niberger, 255 Mo. 289), though often and in a number of cases severely criticised as a hurtful comment

on the evidence. Nevertheless, for reasons which are clearly and convincingly set out in the ruled cases, the giving of this instruction in a trial for perjury has been uniformly held to be error. [State v. Williams, 30 Mo. l. c. 367; State v. Hunter, 181 Mo. l. c. 338.] As was so clearly pointed out in the case of State v. Williams, supra, the language of the above instruction that "what the defendant said against himself, if anything, the law presumes to be true because said against himself" is in direct conflict with the settled rule in prosecutions for perjury, and with instruction four given in this case, that before a conviction can be had there must be two witnesses, or one witness corroborated by circumstances to prove the falsity of defendant's oath. [State v. Blize, 111 Mo. l. c. 469; Kelley's Crim. Law & Proc., sec. 831.] If therefore, as this instruction succinctly states, *what defendant said against himself is presumed to be true,* the jury might well be warranted in concluding that they are permitted to find defendant guilty solely upon his own extra-judicial statements.

Other points are urged upon our attention, but since the case must be reversed and remanded for the error noted, we need not consume time or space in discussing these. The facts of the case considered, it is not likely that these other alleged errors will cut any figure upon the next trial. Let the case be reversed and remanded for a new trial consistent with what we have written herein. All concur.